"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NASREEN TAYLOR, | CASE NO. CV 10-1849-JST (SHx) |
| Plaintiff, | |
| vs. | **ORDER GRANTING DEFENDANT'S** |
| | **MOTION TO DISMISS** |
| ENTERPRISE RENT-A-CAR COMPANY, | |
| Defendant. | |

1

1    Plaintiff Nasreen Taylor, on behalf of herself and all others similarly situated,

2 alleges that Enterprise Rent-A-Car violated (1) the Missouri Merchandising Practices Act,

3 (2) the California Consumer Legal Remedies Act, and (3) the California Unfair

4 Competition Law, when it failed to disclose that certain vehicles it rented and sold lacked

5 side airbags that came standard on those makes and models.  (Doc. 1.)  Plaintiff's

6 Complaint was originally brought in federal court; Plaintiff claimed that there was original

7 jurisdiction under the Class Action Fairness Act ("CAFA").  *See* 28 U.S.C. § 1332(d).

8 Generally, CAFA allows for minimal diversity, so long as there are at least 100 class

9 members and the amount in controversy exceeds the sum or value of $5,000,000.  *Id.*

10 Defendant filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1),

11 arguing, among other things, that the Court lacks jurisdiction because Plaintiff cannot

12 recover the jurisdictional amount required by CAFA.  (Doc. 46.)  For the following

13 reasons, the Court GRANTS Defendant's Motion to Dismiss for lack of jurisdiction.

14

15    **I.    Legal Standard**

16

17    When a motion is made pursuant to Federal Rule of Civil Procedure 12(b)(1), the

18 plaintiff has the burden of proving that the court has subject matter jurisdiction.  *Tosco*

19 *Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001), *overruled on other*

20 *grounds by Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010).  When considering a motion to

21 dismiss under Rule 12(b)(1), the Court is not restricted to the pleadings and may review

22 any evidence to resolve factual disputes concerning the existence of jurisdiction.

23 *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

24

25    **II.    Discussion**

26

27    First, Article III of the U.S. Constitution requires a party to allege an actual case or

28 controversy.  "When the suit takes the form of a class-action, Article III requires that the

1   representative or named plaintiff must share the same injury or threat of injury." *DuPree*

2   *v. United States*, 559 F.2d 1151, 1153 (9th Cir. 1977) (citing *Warth v. Seldin*, 422 U.S.

3   490, 502 (1975)).  This is because the named plaintiff in a class action must meet all of the

4   jurisdictional requirements to bring an individual suit asserting the same claims, including

5   standing.  5 James Wm. Moore, et al., *Moore's Federal Practice* § 23.63[1][b] (2011).

6   The requirement that the plaintiff meet Article III standing requirements is distinct from

7   the class action requirements under Rule 23. [1]  *See O'Shea v. Littleton*, 414 U.S. 488, 494

8   (1974); 1 Alba Conte et al., *Newberg on Class Actions* § 2:9 (2010) ("Care must be taken,

9   when dealing with apparently standing-related concepts in a class action context, to

10  analyze individual standing requirements separately and apart from Rule 23 class action

11  prerequisites.  Though the concepts appear related, in that they both seek to measure

12  whether the proper party is before the court to tender issues for litigation, they are in fact

13  independent criteria.  They spring from different sources and serve different functions.

14  Often satisfaction of one set of criteria can exist without the other.").

15        Here, the Complaint alleges that Plaintiff purchased a vehicle from Defendant, but it

16  does not allege that Plaintiff rented a vehicle from Defendant.  (Doc. 1 ¶ 11.)  Nor does

17  Plaintiff argue in her Opposition that she could amend the Complaint in good faith to

18  allege that she ever rented a vehicle from Defendant.  (*See generally* Doc. 52.)  Rather,

19  Plaintiff argues that she can represent renters in addition to purchasers, because "[b]oth

20  renters and purchasers have been subjected to precisely the same harm."  (*Id.* at 9.)  The

---

22  [1] At oral argument, Plaintiff relied on a number of cases for the proposition that Defendant's
arguments regarding Plaintiff's standing were premature, stating that class certification issues

23  were "logically antecedent" to Article III concerns.  As noted above, the Court concludes that
Plaintiff is incorrect; the cases cited by Plaintiff instead stand for the proposition that, in certain

24  instances, a reviewing court dealing with an already-certified class may reject a class based on a
failure to comply with requirements set forth in the Federal Rules of Civil Procedure, in lieu of

25  rejecting the class due to the named plaintiff's lack of Article III representative standing.  *See*

26  *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 831 (1999); *Amchem Prods., Inc. v. Windsor*, 521 U.S.
591, 612 (1997); *Potter v. Hughes*, 546 F.3d 1051, 1055 (9th Cir. 2008).  None of these cases

27  stand for the proposition set forth by Plaintiff that a court should postpone a review of a plaintiff's
Article III standing until the class-certification stage.

28

1  Complaint, however, alleges an economic injury to renters and purchasers: "Plaintiff and

2  the members of the class . . . would not have purchased and/or rented and/or would not

3  have paid as much for the purchase or rental if they were truthfully and fully informed of

4  material facts concerning the vehicles." (Doc. 1 ¶ 82.)  Renters, unlike purchasers, only

5  used the vehicle for a limited period of time.  In addition, there are no allegations that any

6  renters currently have any interest in a vehicle, unlike purchasers who might still own and

7  be using their vehicles.  The Court concludes that although Plaintiff has alleged that she

8  suffered an economic injury as a purchaser of a vehicle, Plaintiff has not alleged that she

9  suffered an economic injury as a renter of a vehicle.  Because Plaintiff has not alleged the

10  same injury as that of the renters, she does not have Article III standing to represent renters

11  in this action.

12         Second, "[t]he presence or absence of federal-question jurisdiction is governed by

13  the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when

14  a federal question is presented on the face of the plaintiff's properly pleaded complaint.

15  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  The Supreme Court, however, has

16  long held that Congress intended to restrict federal jurisdiction in diversity cases.  *St. Paul*

17  *Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).  Thus, "[t]he fundamental

18  principle laid down in diversity cases . . . remains under CAFA: the party asserting federal

19  jurisdiction has the burden of showing the case meets the statutory requirements for the

20  exercise of federal jurisdiction and therefore belongs in federal court."  *Lewis v. Verizon*

21  *Commc'ns, Inc.*, 627 F.3d 395, 399 (9th Cir. 2010).

22         Here, Defendant argues that the amount in controversy is less than CAFA's

23  statutory requirement of $5,000,000.  Where, as here, the plaintiff specifically alleges an

24  amount in controversy in her complaint, "the sum claimed by the plaintiff controls if the

25  claim is apparently made in good faith."  *St. Paul Mercury*, 303 U.S. at 288.

26

27             It must appear to a legal certainty that the claim is really for

28             less than the jurisdictional amount to justify dismissal.  The

4

1    inability of plaintiff to recover an amount adequate to give the

2    court jurisdiction does not show his bad faith or oust the

3    jurisdiction.  Nor does the fact that the complaint discloses the

4    existence of a valid defense to the claim.  But if, from the face

5    of the pleadings, it is apparent, to a legal certainty, that the

6    plaintiff cannot recover the amount claimed or if, from the

7    proofs, the court is satisfied to a like certainty that the plaintiff

8    never was entitled to recover that amount, and that his claim

9    was therefore colorable for the purpose of conferring

10   jurisdiction, the suit will be dismissed.  Events occurring

11   subsequent to the institution of suit which reduce the amount

12   recoverable below the statutory limit do not oust jurisdiction.

13

14  *Id*. at 289-90.  Therefore, Defendants must show that from either the face of the pleadings

15  or the proofs, that it is apparent to a legal certainty that Plaintiff cannot recover

16  $5,000,000.

17      Plaintiff's first cause of action alleges violations of the Missouri Merchandising

18  Practices Act ("MMPA"), Mo. Rev. Stat. § 407.020.[2]  Missouri courts use the "benefit of

19  the bargain" rule in assessing actual damages under the MMPA.[3]  *See, e.g.*, *Schoenlein v.*

20  *Routt Homes, Inc.*, 260 S.W.3d 852, 854 (Mo. Ct. App. 2008).  "[T]his rule allows the

21  ────────────────

22      [2] The Court notes that Plaintiff failed to present arguments that would support a finding that damages under either the California Consumer Legal Remedies Act, or the California Unfair
23  Competition Law, would provide for damages larger than what is potentially available under the MMPA.
24      [3] Missouri law allows, "a plaintiff to recover consequential damages, in addition to benefit of the bargain damages, for expenses that are attributable to the fraud."  *Bird v. John Chezik*
25  *Homerun, Inc.*, 152 F.3d 1014, 1017 (8th Cir. 1998); *see also Ullrich v. CADCO, Inc.*, 244 S.W.3d
26  772, 779 (Mo. Ct. App. 2008).  Plaintiff has failed to allege in her Complaint that she suffered any consequential damages, such as paying to insert side airbags into her vehicle, as a result of the
27  alleged fraud.  Therefore, the Court concludes that, on the face of the pleadings, Plaintiff has failed to allege that she or any other potential class member suffered any consequential damages.

28

1  defrauded party to be awarded the difference between the actual value of the property and

2  the value if it had been as represented, measuring the damages at the time of the

3  transaction." *Id.*

4        Here, Defendant has set forth evidence that there is no difference between the actual

5  value of the property and the value if it had been as allegedly represented, i.e., without or

6  with a side airbag.  Defendant, through declarations, establishes that the lack of side

7  airbags does not decrease the value of the cars in question in this action.  Although

8  Plaintiff argues that she would have paid less for such a vehicle, or that she would not have

9  purchased the vehicle to begin with, she does not set forth any other evidence establishing

10  that she suffered any damages using the appropriate "benefit of the bargain" measure.[4]

11  Therefore, Defendants have shown to a legal certainty that the claim is really for less than

12  the jurisdictional amount.

13

14

15

16

17

18

19

20

21

22

23

24      [4] In *Scott v. Blue Springs Ford Sales, Inc.*, the plaintiff argued that his car was worth nothing because he could not drive it nor could he sell it, due to the undisclosed salvage title, and he also submitted evidence supporting a finding that he immediately stopped driving his vehicle when he

25  learned it had been issued a salvage title.  215 S.W.3d 145, 158, 182 (Mo. Ct. App. 2006).  The

26  court held that an owner of a vehicle is qualified to give an estimate of its fair market value which the fact finder is free to believe or reject. *Id.* at 182.  Here, the Court is not persuaded by

27  Plaintiff's subjective valuation of her car, because she has continued to drive the vehicle in question, despite its lack of a side airbag.

28

6

**III.     Conclusion**

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss on the basis that the Court lacks jurisdiction.  Should Plaintiff believe that she can, in good faith, file a complaint over which there would be federal jurisdiction, she must do so **no later than 30 days** from the filing of this order.

DATED: March 30, 2011                    <u>**JOSEPHINE STATON TUCKER**</u>

UNITED STATES DISTRICT JUDGE